IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GARRY EBERTH,
          Plaintiff,

       v.                                    Case No. 12-2289-JTM

COREY GALYEAN TRUCKING, LLC,

          Defendant.

MEMORANDUM AND ORDER

This is an action by plaintiff Garry Eberth against Corey Galyean Trucking LLC, which alleges that the Defendant failed to provide timely payments for services as required by a Contractor Operating Agreement, and in violation of various federal trucking regulations. Although Defendant entered an appearance and filed an Answer, its participation in the action ceased after Eberth's February 8, 2013 Motion for Summary Judgment.

The court granted judgment of $40,294.18 to Eberth, who by means of a Writ of Execution, obtained a blue 1998 Peterbilt tractor (VIN 1XP5DE9X7WN457419), a white 1993 Peterbilt tractor (VIN AXPFDB9X7PN329702), and a 2007 Clement barrel trailer (VIN 5C2BB26B07M005775) from the possession of the Defendant. The matter is now before the court on several motions.

First, appearing *pro se*, Marcia Galyean, the owner of the defendant Corey Galey Trucking, has moved for a hearing to dispute the Writ, on the stated grounds that

"property was not ours to give up." (Dkt. 33). Later, Marcia Galyean submitted a letter stating:

> I would like to request a Motion to vacate this judgment. Corey Galyean Trucking LLC no longer exists and I should have confirmation from Topeka, KS that the DOT 931042 are closed no later than 26-August-2013.
>
> We request that the 1998 Peterbilt be returned so Full Liquidation Proceedings can be followed in accordance to law. We request the trailer that belongs to Brian Galyean be returned as it is not property of Corey Galyean Trucking LLC.

(Dkt. 44).

Separately, Brian Galyean has moved to intervene in the action, seeking a return of the 1993 Peterbuilt tractor and the Clement trailer, contending that he is the true owner of those vehicles. Brian Galyean, the son of Marcia Galyean, operates his own trucking business, and contends that he bought the vehicles under lease-purchase agreements with the Defendant. Eberth concedes the 1993 tractor belongs to Brian Galyean. Both tractor and trailer have been released to Brian Galyean, the former without reservation. The plaintiff also does not oppose Brian Galyean's motion to intervene.

By way of background, the present lawsuit was filed on May 15, 2012. On March 18, 2013, the court entered default judgment against Corey Galyean Trucking. On May 22, the court authorized a Writ of Execution, which was returned unexecuted. On July 24, the court approved an amended judgment, incorporating Eberth's claims for attorney fees.

On August 8, Eberth obtained a new Writ of Execution, which was then executed. On August 16, Eberth returned the tractor and trailer to Brian Galyean. In conjunction with his Motion to Intervene, Brian Galyean submitted an affidavit and exhibits which would show that he has paid $40,139.99 to Corey Galyean Trucking in payment for the trailer.

The Intervenor's Exhibit C is a Lease to Purchase Agreement between Corey Galyean Trucking and Brian Galyean. The Agreement provides that Brian Galyean agreed to make unspecified monthly payments for use of the trailer, and that "[a]t the end of five years the Lease agreement is paid in full and Brian Galyean owns the trailer." The agreement was to commence January 31, 2008, and provided that Brian Galyean would pay for all taxes and insurance on the trailer.

Exhibit D is a spreadsheet showing Brian Galyean's expenses. Exhibit E is a collection of check stubs showing payments to Corey Galyean Trucking. Exhibit F is a Lease to Purchase Agreement dated October 31, 2012 indicating that "Brian Galyean Trucking has made his payments in full" on the trailer, and that he "now owns the … equipment." Exhibit G is a Certificate of Title for the trailer, showing Brian Galyean as the owner "DBA BRAIN [sic] GALYEAN TRUCKING." According to the exhibit, Brian Galyean applied for the Certificate on August 13, 2013, and the Certificate indicates the Purchase Date as June 21, 2013. Accompanying the Certificate of Title is a notice dated June 21, 2013, that the trailer is subject to a lien held by Kenny or Marcia Galyean.

Eberth makes two arguments in opposition to Brian Galyean's keeping the trailer. First, he contends that the retitling or sale of the trailer is illegal as a fraudulent

3

transfer under the Kansas Uniform Fraudulent Transfer Act (UFTA), K.S.A. § 33-102. However, the court finds that it need not resolve the issue of fraudulent transfer,[1] as it agrees with Plaintiff that the trailer was properly seized in light of the Kansas Motor Vehicle Registration Act (KMVRA), K.S.A. § 8-126 *et seq*.

Under K.S.A. § 8-135(c)(7):

It shall be unlawful for any person to buy or sell in this state any vehicle required to be registered, unless, at the time of delivery thereof or at a time agreed upon by the parties, not to exceed 60 days, inclusive of weekends and holidays, after the time of delivery, there shall pass between the parties a certificate of title with an assignment thereof…. The sale of a vehicle required to be registered under the laws of this state, without assignment of the certificate of title, is fraudulent and void, unless the parties shall agree that the certificate of title with assignment thereof shall pass between them at a time other than the time of delivery, but within 60 days thereof.

Kansas courts interpreting theses provisions of the KMVRA have consistently held that they "mean exactly what they say; that they are to be literally interpreted and strictly enforced; and that failure to comply therewith renders the sale of a vehicle required to be registered under the Act fraudulent and void." *Green v. Devoe Sales*, 206 Kan. 238, 243, 477 P.2d 944 (1970). *See also Perry v. Goff Motors, Inc.*, 12 Kan.App.2d 139, 141, 736 P.2d 949 (1987); *Werdann v. Mel Hambelton Ford*, 32 Kan.App.2d 118, 125, 79 P.3d

---

[1] Although the court need not resolve the issue, the court notes the presence of many of the factors set forth in K.S.A. 33-204(b) as evidencing a fraudulent transfer. The alleged transfer occurred between close relations; Defendant Corey Galyean Trucking is apparently now insolvent and likely was at the time of execution; Defendant had been sued by Plaintiff at the time of the transfer, and the transferee had reason to know of the litigation. Moreover, while the Intervenor has supplied documentation of the alleged transfer, it is marked by inconsistencies, such as to the true date of the "sale" of the trailer.

4

1081 (2003) (when the required time passes without delivery of title, the KMVRA "operates to void the sale" and title remains with the seller). The Kansas Supreme Court has observed that strict construction of KMVRA protects the public against fraud, and "lend[s] stability and certainty in the business climate surrounding each transaction." *Maryland Cas. v. American Fam. Ins.*, 199 Kan. 373, 429 P.2d 931 (1967).

Accordingly, under § 8-135(c)(7) and the Kansas cases interpreting the statute, the failure to correct the title within the designated date of delivery does not simply delay the effective date of title transfer, it "void[s] the sale" itself. Because the intervenor had not even applied for a transfer of the title until after the truck was seized, title to the trailer remained with the Defendant. The court finds that title to the trailer remained with the Defendant, and that the Plaintiff properly and validly executed on it. While the Intervenor advances additional equitable arguments, these cannot alter the result given both the plain language of the Kansas statute and the equities supporting the Plaintiff.

As indicated above, Marcia Galyean has moved for the return of the 1998 Peterbilt tractor, on the grounds (according to the Motion for Hearing) that the "property was not ours to give up," and (according to the Motion to Vacate) that "Corey Galyean Trucking LLC no longer exists," and that she "should have confirmation from Topeka, KS that the DOT 931042 are closed no later than 26-August-2013."

The court denies these requests for two reasons. First, the Defendant Corey Galyean Trucking is a business entity, and Marcia Galyean cannot represent the

5

company. *See American Contractors Indem. v. Boeding*, 490 Fed.Appx. 141, 143 (10th Cir. 2012) (appellant "is not an attorney … and may not represent New Image [a limited liability company] on appeal"); *Mitchell v. Deutsche Bank & Trust*, 2012 WL 1670168 (N.D. Tex. 2012) ("business entities such as limited liability companies—as fictional legal persons—have no such right [to appear *pro se*], and must be represented by licensed counsel").

Second, even considered on the merits, Marcia Galyean only submits that Corey Galyean no longer exists. There is no indication that it did not exist at the time that it wrongfully failed to make payments due to the plaintiff, and it certainly existed earlier this year when its counsel participated in a Pretrial Conference. (Dkt. 15). When Marcia Galyean asks that "the 1998 Peterbilt be returned so Full Liquidation Proceedings can be followed in accordance to law," this admits that no liquidation is currently underway or completed.

IT IS ACCORDINGLY ORDERED this 16th day of September, 2013, that the Motions for Hearing and to Vacate (Dkt. 33, 44) filed by Marcia Galyean are denied; the Motion to Intervene and for Other Relief (Dkt. 37) of Brian Galyean is granted such that the Court grants leave to intervene; the request for injunctive relief as to the trailer is denied, and the court directs the Intervenor to return the trailer to the Plaintiff pursuant to Paragraph 3 and 4 of the Stipulation filed with the Court on August 16, 2013 (Dkt. 38).

    s/ J. Thomas Marten
J. Thomas Marten, Judge