IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Garry Eberth,
    Plaintiff,

vs.                        Case No. 12-2289-JTM

Corey Galyean Trucking, LLC,
    Defendant.

and

Brian S. Galyean,
    Intervenor.

MEMORANDUM AND ORDER

This matter is before the court on the intervenor Brian Galyean's Motion for Reconsideration (Dkt. 52). Galyean seeks reconsideration of the court's Order of September 17, 2013, which determined that the defendant Corey Galyean Trucking was the lawful owner of the 2007 Clement Barrel trailer, and that the plaintiff Gary Eberth had lawfully executed upon the trailer. (Dkt. 51). Three days after the motion, the court received Notice that the defendant had filed for bankruptcy (Dkt. 53). The bankruptcy court has now granted limited relief from the stay, which permits this court to issue a final judgment as

to the trailer. The plaintiff has submitted a Response (Dkt. 54) to the Motion for Reconsideration, but the intervenor has submitted no Reply in further support of the motion.

A motion to reconsider under Fed.R.Civ.Pr. 59(e) may be granted to correct manifest errors, or in light of newly discovered evidence; such a motion is directed not at initial consideration but reconsideration, and is appropriate only if the court has obviously misapprehended a party's position, the facts, or applicable law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which it could not have obtained through the exercise of due diligence. *Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D. Kan. 1989). A motion to reconsider is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. GMC*, 846 F.Supp. 1482 (D.Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994). The resolution of the motion is committed to the sound discretion of the court. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

In its prior Order, the court reviewed the evidence and determined that the defendant retained title to the 2007 Clement Barrel trailer pursuant to K.S.A. 8-135(c)(7). The court further acknowledged that this provision in the Kansas Motor Vehicle Registration Act is to be strictly construed under Kansas law. (Dkt. 51, at 4-5). The court further observed, but did not decide, that the purported sale of the trailer from the defendant to the intervenor was potentially voidable under the Kansas Uniform Fraudulent Transfer Act, K.S.A. 33-102.

The court hereby denies the Motion for Reconsideration, as none of the Rule 59 elements for such relief are present in the action. That is, the motion fails to demonstrate that the court misapprehended the facts, his position, or the controlling rule of law. Rather, the intervenor simply repeats his earlier argument that he was the true owner of the trailer, supporting his claim with two documents allegedly documenting his ownership of the trailer. Conspicuously absent from the motion, however, is any attempt at showing how these additional documents "could not have been obtained through the exercise of due diligence." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.), *cert. denied*, 506 U.S. 828, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992).

The intervenor does not meet the standard for relief under Rule 59. The documents in question were available to the intervenor prior to the court's ruling, which was rendered only after all parties were extended the fullest opportunity to address the issues. The plaintiff filed his claim against Galyean Trucking on May 15, 2012, and obtained summary judgment on March 18, 2013 (Dkt. 17). The plaintiff obtained a Writ of Execution for property including the trailer on August 8, 2012. One week later, Brian Galyean sought leave to intervene in the action (Dkt. 37), which the court granted. (Dkt. 39). The court directed the parties to present evidence and argument at a hearing to be conducted August 21, 2013. (Dkt. 35). The intervenor subsequently moved to extend the time for evidence and argument until August 23, which the court granted. (Dkt. 41, 43). The court heard evidence and argument relating to the issues in the case for nearly an hour. After the hearing, the court separately granted the intervenor's Motion for Leave to File a Supplemental

Memorandum in support of his arguments, requiring such a submission no later than September 12, 2013. (Dkt. 47, 49). Thus, the intervenor had the opportunity to support his putative ownership at the time of the initial motion to intervene, and prior to the hearing, and in a separate post-hearing submission. The court issued its September 17 ruling as to the trailer only after giving the intervenor three separate chances (Dkt. 37, 45, 47-1) to present evidence supporting his claim of owners.

The documents were clearly available to the intervenor, and no rationale has been presented for the failure to present them to the court in a timely fashion. Even if the court were to consider the new documents, they fail to demonstrate any error. Given the facts and the application of K.S.A. 8-135(c)(7), the court properly determined that the defendant held title to the trailer.

The court notes that Marcia Galyean has separately moved to remove attorney Jeffrey Sutton from representing Corey Galyean Trucking, stating that Sutton has "failed to represent the company to the best of his ability," and stating that "Eric C. Rajala is currently my attorney of record." (Dkt. 57). Sutton properly appeared in the action (Dkt. 6), and neither Rajala or any other attorney has entered an appearance on behalf of the defendant. As the court has previously advised the movant, she has no authority to seek affirmative relief on behalf of the defendant, which, as a business entity, must be represented by counsel. (Dkt. 51, at 5-6).

IT IS ACCORDINGLY ORDERED this 27th day of May, 2014, that the Intervenor's Motion to Reconsider (Dkt. 52) is hereby denied, as is Marcia Galyean's Motion to Remove Attorney (Dkt. 57).

 s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE